IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOUCHTOWN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| DIGITAL SIGN GUYS.COM, LLC, and | ) | |
| DIGITAL SIGN GUYS INTERACTIVE, LLC, | ) | |
| d/b/a TOTAL FUSION MEDIA | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW comes Plaintiff, Touchtown, Inc. ("Touchtown"), by and through its counsel, upon information and belief, avers the following for its Complaint against Defendants Digital Sign Guys.Com, LLC, and Digital Sign Guys Interactive, LLC (collectively "Digital Sign Guys"), d/b/a Total Fusion Media (collectively, "Defendants"):

1. Touchtown is a corporation duly organized under the laws of Pennsylvania having principal place of business at 201-B Ann Street, Oakmont, PA 15139.

2. Digital Sign Guys.Com, LLC, is a New Jersey limited liability company with an address at 29 South Maple Avenue, Marlton, New Jersey 08053.

3. Digital Sign Guys Interactive, LLC, is a New Jersey limited liability company with an address at 29 South Maple Avenue, Marlton, New Jersey 08053.

4. Total Fusion Media is listed as an associated fictitious name for Digital Sign Guys.Com, LLC. See attached Exhibit A.

5. Digital Sign Guys and Total Fusion Media conduct regular ongoing business in Pennsylvania relating to the sales and operation of digital signage. The Digital Sign Guys

Internet Website states, "[t]he Digital Sign Guys operate the most successful digital sign advertising network in the Delaware Valley. We have over 100 host locations and growing daily in Pa. NJ and Delaware." See attached Exhibit B which also includes host location statistics in Pennsylvania. The Total Fusion Media Internet Website includes a map showing digital signage installations throughout Pennsylvania. See attached Exhibit C.

6. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., trademark infringement and unfair competition arising under the Federal Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§1051 et seq., and the statutes and common law of the Commonwealth of Pennsylvania.

7. This Court has jurisdiction over the subject matter and parties of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331, 1338(a) and (b), and under the principle of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), and because Defendants are subject to personal jurisdiction in this judicial district.

9. Touchtown is the owner of U.S. Copyright Registration No. VA 1-713-744 for a work entitled "Advertising Photograph for Digital Signage." A copy of this U.S. Copyright Registration is attached hereto as Exhibit D.

10. Touchtown is the owner of U.S. Trademark Registration No. 2,709,773, filed on June 9, 2000 and registered April 22, 2003, for the mark TOUCHTOWN in connection with services for International Class 42 described as "Scientific and technological services and research and design relating thereto; industrial analysis and research services; design and development of computer hardware and software." A copy of this U.S. Trademark Registration is attached hereto as Exhibit E.

11. The TOUCHTOWN mark, U.S. Trademark Registration No. 2,709,773, is incontestable pursuant to the provisions of 15 U.S.C. § 1065.

12. Since 1999, Touchtown has been in the business of providing community information solutions to the senior living industry. Touchtown serves over 150,000 residents worldwide by delivering award-winning products, including Touchtown TV, Touchtown Digital Signage, Touchtown Calendars, Touchtown Web Portal, and Touchtown Safety.

13. Since as early as June 1, 2000, Touchtown has been using the mark TOUCHTOWN in connection with its products and services via signage, print advertising, and the internet, including its website, www.touchtown.tv. Touchtown has thereby generated extensive goodwill in connection with its products and services.

14. The TOUCHTOWN mark has thus come to be associated with and represent the significant goodwill that Touchtown has developed in connection with its products and services.

15. Defendants, without permission, copied and used Touchtown's copyrighted work entitled "Advertising Photograph for Digital Signage" from Touchtown's Internet Website to target and solicit customers in an apparent attempt to trade on the good will established by Touchtown in connection with the TOUCHTOWN mark. The copyrighted Touchtown advertising photograph shows four senior persons viewing a Touchtown digital signage display with the TOUCHTOWN trademark clearly visible. The copyrighted Touchtown photograph is attached as Exhibit F.

16. Total Fusion Media created and used a marketing brochure which incorporates the copyrighted advertising photograph including the Touchtown digital display and TOUCHTOWN trademark to promote and advertise its products and services. The Total Fusion Media

marketing brochure includes the statement "exclusively available from Total Fusion Media". A copy of defendants' use of the advertising photograph is attached hereto as Exhibit G.

17. Defendants' use of the confusingly similar mark TOUCHTOWN is intended to cause and has caused confusion in the marketplace that Defendants' services originate, are sponsored by, or are otherwise affiliated with Touchtown because of the identical marks used by Touchtown and Defendants. In particular, on April 20, 2010, Jon M. Eck, CEO of Total Fusion Media, sent a solicitation e-mail to David Baker, Senior Vice President and CIO of Diakon Lutheran Social Ministries in Mechanicsburg, Pennsylvania, and attached a copy of the marketing brochure contained in Exhibit G. Later on April 20, 2010, Mr. Baker, a customer of Touchtown, e-mailed Touchtown and questioned "if you are associated with these folks at all?". See attached Exhibit H.

18. Unless the relief requested herein by Touchtown is granted, Touchtown will suffer further serious, immediate, and irreparable harm, including, but not limited to, customer confusion, and loss of goodwill.

## COUNT I
**(Trademark Infringement Under 15 U.S.C. § 1114)**

19. Touchtown repeats and realleges the averments contained in paragraphs 1 through 18 of this Complaint as if fully stated herein.

20. Touchtown is the sole and exclusive owner of the registered mark TOUCHTOWN.

21. Touchtown has not authorized Defendants to use the TOUCHTOWN mark or any mark confusingly similar thereto.

22. Defendants have, without the consent of Touchtown, used the mark TOUCHTOWN in connection with their sale of digital signage products and services and have

4

caused those services and/or promotional materials therefor to enter interstate commerce, including this judicial district.

23. Defendants' use of the TOUCHTOWN mark is confusingly similar to Touchtown's registered TOUCHTOWN mark.

24. Defendants have promoted, marketed and sold services in conjunction with the TOUCHTOWN mark with the knowledge and belief that such unauthorized use in commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive purchasers of Defendants' products or services that such products and services are sold, endorsed, sponsored, authorized, recommended, or warranted by Touchtown. Defendants have solicited Touchtown's customers in an attempt to willfully and deliberately trade on Touchtown's good will.

25. Defendants' use of the infringing TOUCHTOWN mark in interstate commerce has caused and is likely to cause confusion, or to cause mistake or to deceive consumers and merchants as to the origin, sponsorship, or approval of Defendants' or Touchtown's services. Defendants' conduct violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. Touchtown has been, and is likely to continue to be, irreparably harmed and damaged by Defendants' acts of trademark infringement if Defendants are not restrained, in that Touchtown has suffered and is likely to suffer loss of reputation and destruction of goodwill each time that its customers and members of the general public believe that the products and services of Defendants are provided, operated, sponsored, endorsed, authorized, recommended, or warranted by Touchtown, and Touchtown has no adequate remedy at law.

### COUNT II
**(False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

27. Touchtown repeats and realleges the averments contained in paragraphs 1 through 26 of this Complaint as if fully stated herein.

28. The TOUCHTOWN mark, and the public recognition thereof, and the public association thereof with Touchtown are protected under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Touchtown has never authorized Defendants to use the TOUCHTOWN mark or any other mark in connection with its services or otherwise.

30. Defendants have, without the consent of Touchtown, used the confusingly similar TOUCHTOWN mark in connection with its digital signage products and services and promotional materials thereof, such use being in interstate commerce.

31. Defendants have promoted, marketed and sold products and services in conjunction with the TOUCHTOWN mark with the knowledge and belief that such unauthorized use in commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive purchasers of Defendants' products or services that such products and services are sold, endorsed, sponsored, authorized, recommended, or warranted by Touchtown.

32. Defendants' unauthorized use of the TOUCHTOWN mark in interstate commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive consumers and merchants as to the origin, sponsorship, or approval by Touchtown of Defendants' products and services.

33. Defendants' conduct constitutes false designation of origin and unfair competition as proscribed by Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Touchtown has been, and is likely to continue to be, irreparably harmed and damaged by Defendants' acts of false designation of origin and unfair competition if Defendants are not restrained, in that Touchtown has suffered and is likely to suffer loss of reputation and destruction of goodwill each time that its customers and members of the general public believe

that the services of Defendants are provided, operated, sponsored, endorsed, authorized, recommended, or warranted by Touchtown, and Touchtown has no adequate remedy at law.

## COUNT III
### (Copyright Infringement)

35. Touchtown repeats and realleges the averments contained in paragraphs 1 through 34 of this Complaint as if fully stated herein.

36. This is a claim for copyright infringement in violation of 17 U.S.C. § 501.

37. Touchtown is the owner of a copyright in the photograph entitled "Advertising Photograph for Digital Signage" which is copyrightable subject matter under 17 U.S.C. § 101 et seq.

38. Touchtown has complied in all respects with 17 U.S.C. §§ 102 et seq., the statutory deposit and registration requirements thereof, and all of the laws governing federal copyrights, to secure the exclusive rights and privileges in and to the photograph entitled "Advertising Photograph for Digital Signage".

39. Touchtown alleges that Defendants have in the past and continues to willfully and deliberately infringe Touchtown's copyright in the photograph entitled "Advertising Photograph for Digital Signage" by copying it, and creating and distributing marketing and promotional materials using Touchtown's copyrighted work without Touchtown's knowledge or consent.

40. Touchtown is informed and believes, and on that basis alleges, that Defendants have made profits by reason of their infringement of Touchtown's copyright in the photograph entitled "Advertising Photograph for Digital Signage".

41. Touchtown is entitled to recapture Defendants' profits pursuant to 17 U.S.C § 504(b). Alternatively, Touchtown is entitled to statutory damages pursuant to 17 U.S.C § 504(c)(1), in the amount of $30,000 with respect to each work, and any other damages, including

increased damages, as may be proper pursuant to 17 U.S.C. § 504(c)(2). Touchtown is entitled to its attorney's fees and costs pursuant to 17 U.S.C § 505.

42. The acts of Defendants complained of herein are without license or permission of Touchtown.

43. Defendants' aforementioned acts have injured Touchtown and damaged Touchtown in an amount to be determined at trial. By their actions, Defendants have irreparably damaged Touchtown. Such irreparable harm will continue unless Defendants are permanently enjoined by this Court pursuant to 17 U.S.C § 502 from further violation of Touchtown's rights, for which Touchtown has no adequate remedy at law.

## COUNT IV
### (Common Law Unfair Competition)

44. Touchtown repeats and realleges the averments contained in paragraphs 1 through 43 of this Complaint as if fully stated herein.

45. Defendants' conduct in connection with its products and services while utilizing the TOUCHTOWN mark constitutes unfair competition at common law.

46. Touchtown has been, and is likely to continue to be, irreparably harmed and damaged by Defendants' acts of false designation of origin and unfair competition if Defendants are not restrained, in that Touchtown has suffered and is likely to suffer loss of reputation and destruction of goodwill each time that its customers and members of the general public believe that the services of Defendants are provided, operated, sponsored, endorsed, authorized, recommended, or warranted by Touchtown, for which Touchtown has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

(a) that Defendants and those persons in active concert or participation with Defendants, be permanently enjoined and restrained from using the TOUCHTOWN mark or any other mark or phrase confusingly similar to the TOUCHTOWN mark.

(b) that all labels, signs, catalogs, literature, marketing materials, and advertisements of Defendants, or any other materials, which include the TOUCHTOWN mark and/or any other mark confusingly similar to the TOUCHTOWN mark be delivered and/or destroyed as the Court shall direct, and that Defendants provide a list to Touchtown of all third parties who received materials bearing the TOUCHTOWN trademark;

(c) that Defendants be ordered to pay damages to Touchtown for injuries sustained by Touchtown as a result of Defendants' trademark infringement, in an amount to be determined at trial;

(d) that Defendants be ordered to pay damages to Touchtown for injuries sustained by Touchtown as a result of Defendants' false designations of origin and unfair competition, in an amount to be determined at trial;

(e) that Defendants and those persons in active concert or participation with Defendants, be permanently enjoined and restrained from using the copyright in the photograph entitled "Advertising Photograph for Digital Signage."

(f) that all catalogs, literature, marketing materials, and advertisements of Defendants, or any other materials, which include the photograph entitled "Advertising Photograph for Digital Signage" be delivered and/or destroyed as the Court shall direct, and that

Defendants provide a list to Touchtown of all third parties who received materials containing the photograph entitled "Advertising Photograph for Digital Signage";

(g)     that Defendants be ordered to account to Touchtown for any and all profits derived by it by reason of the acts complained of in this Complaint;

(h)     that Defendants be found to have willfully and deliberately committed acts of copyright and trademark infringement against Touchtown;

(i)     that Defendants be ordered to pay enhanced damages to Touchtown;

(j)     that Touchtown be awarded its costs of this action including reasonable attorney's fees; and

(k)     that Touchtown be awarded such further relief as the Court shall deem just and appropriate.

## DEMAND FOR JURY TRIAL

Touchtown hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

Dated: 5/21, 2010

John W. McIlvaine III – PA ID #56773
Douglas M. Hall – PA ID # 307876
Alex Detschelt – PA ID #89043

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone (412) 471-8815
Facsimile (412) 471-4094

10