IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOUCHTOWN, INC., )
    Plaintiff, )
)
    v. ) 2:10-cv-708
)
DIGITAL SIGN GUYS.COM, LLC and )
DIGITAL SIGN GUYS INTERACTIVE, )
LLC d/b/a/ TOTAL FUSION MEDIA, )
    Defendants. )

MEMORANDUM and ORDER

MITCHELL, M.J.:

Presently before the Court for disposition is the plaintiff's Motion for Default Final Judgment (Document No. 9). For the reasons set forth below the motion will be granted and an appropriate judgment entered.

Touchtown, Inc. ("Touchtown") commenced this action on May 21, 2010 seeking equitable and legal relief on its claims that the defendants infringed its TOUCHTOWN trademark (United States Trademark Registration No. 2,709,773 filed on June 9, 2000 and registered on April 22, 2003) and for copyright infringement of its "Advertising Photograph for Digital Signage" (United States Copyright Registration No. VA 1-713-744 registered on May 10, 2010) as well as related claims (Document No.1 and Exhibit D thereto). This Court has jurisdiction over this action brought pursuant to 17 U.S.C. §§101 et seq. and 15 U.S.C.§§ 1051 et seq. pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. § 1121.

On July 20, 2010 a summons was issued to both defendants and the complaint was served on July 28, 2010 (Document No.3). Because the defendants did not take any action, on September 13, 2010 Touchtown moved for default (Document No.4) and on September 14, 2010 default was entered by the Clerk of Court (Document No.5). Ultimately, in the motion presently before the Court, Touchtown moved for default judgment pursuant to Rule 55(b)(2), F.R.Civ.P. and a hearing on the matter was conducted on November 30, 2010 (Document No.11). Certified mail notice of that hearing was sent to and received by the defendants' registered agent although

the mail sent to Jon Eck, defendants' chief executive officer, was returned to the Court.[1] The matter came on for a hearing on November 30, 2010, and no appearance was made on behalf of the defendants.

For purposes of proceeding on a default, the factual allegations of the complaint are accepted as true. City of New York v. Adventure Outdoors, Inc., 644 F.Supp.2d 201 (E.D.N.Y. 2009); Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1235 (E.D.Cal. 2008) (relying on Pope v. United States, 323 U.S. 1 (1944). Accordingly, for purposes of further discussion here we accept the allegations that the defendants infringed the plaintiff's trademark and copyright.

In addition, appended to the motion for judgment, plaintiff has provided a copy of a June 14, 2010 letter from Jon M. Eck to counsel for the plaintiff in which he states:

> As to the infringement and copyright issue of Touchtown's property, I also wish to sincerely apologize for any inconvenience this may have caused your client. We are a two person company and as such took an unfortunate shortcut in creating a flier for the purpose of selling digital signage systems to assisted living facilities. We were looking for an image depicting people looking at a digital signage system. We completely missed the Touchtown logo in the image. Digital signage is not our core competency and we did not profit at all from the use of this material. Our only reason for creating said flier was based upon our sale of one digital signage system to one of our existing advertising clients. They did not receive this flier. They simply asked us to install a digital signage system at their assisted living facility…
>
> We are certainly willing to cease and desist from using said flier… We are also willing to send a letter to those persons that received that flier stating we do not represent Touchtown, Inc. in any way. We of course will attach a list of companies that received this flier. I have looked at our list and have found that eleven (11) companies received this flier. (See attached). We did not make copies of this flier, it was sent as a digital attachment and shall be deleted…
>
> We are no longer pursuing digital signage sales to assisted living facilities as we are unfortunately close to bankruptcy…[2]

From the above letter, it would appear that the defendants acknowledged the infringements and have voluntarily ceased any further similar activity.

In Malik v. Hannah, 661 F.Supp.3d 485, 490 (D.N.J.2009), the Court held:

---

[1]  See: Exhibit A to the Memorandum and Order.
[2]  See: Exhibit D to the instant motion.

> In contrast to a full proceeding on the merits, a plaintiff seeking default judgment can proceed with only limited proofs, for a consequence of entry of default "is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." … Plaintiff still must offer some proof of damages … Once a plaintiff has met the prerequisites for default judgment-entry of default and proof of damages- the question of whether or not to enter a default judgment "is left primarily to the discretion of the district court"…
>
> "Before imposing the extreme sanction of default [judgment], district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default…" (internal citations omitted).

Since no defense was forthcoming and voluntary infringement has been conceded, we turn to the appropriate measure of damages to be imposed for trademark and copyright violations. Under the Lanham Act, in addition to equitable relief, the appropriate measure of damages is based on (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs of the action. 15 U.S.C.§1117(a). However, that section also provides that "if the court shall find that the amount of recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just…" Finally, in exceptional circumstances, the court may also award reasonable attorney fees to the prevailing party. In addition to equitable remedies, a party whose copyright in infringed is entitled to recover actual damages suffered as a result of the infringement and any profits earned by the infringer which are attributable to the infringement, 17 U.S.C. §§ 502, 504(b). In the alternative, the copyright owner may elect to recover statutory damages of "not less than $750 or more than $30,000 as the court considers just… For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." 17 U.S.C. §504(c)(1). The latter measure of damages applies to each work infringed. As the Court in WB Music Corp. v. RTV Communication Group, Inc., 445 F.3d 538, 540 (2nd Cir.2006) stated "'the total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those work' Venegas-Hernandez v. Sonolum Records, 370 F.3d 183, 192-193 (1st Cir.2004)."

3

Where, as here, there is no cooperation from the alleged infringer who controls all means of assessing damages, and therefore no means are available to a plaintiff to determine the damages it sustained, or the profits which the infringer gained, an award of statutory damages is appropriate. Lifted Research Group, Inc. v. Behdad, Inc., 591 F.Supp.2d 3 (D.D.C. 2008); Microsoft Corp. v. McGee, 490 F.Supp.2d 874 (S.D.Ohio 2007). [3]

In view of the defendants' acknowledgement of the infringements and its voluntary cessation from the infringing activity we exercise our discretion and using the statutory damage schedule as guidance, we award infringement damages of $750. The plaintiff has also documented costs in the amount of $1,160, an amount which we also determine it is entitled to recover.

In exceptional circumstances, an award of attorneys' fees is appropriate. 15 U.S.C. §1117(a). In Rib City Group, Inc. v. RCC Restaurant Corp. 2010 WL 4739493 at *2 (M.D. Fla.) the court in awarding attorneys' fees considered the defendants failure to appear and answer as well as ongoing infringement as a basis for awarding fees. See also: Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc. 2006 WL 728407 at *7 (S.D.N.Y. 2006)("[T]he defendant's infringement has been deemed willful by virtue of its default in this action") as a basis for imposition of attorneys' fees. In a similar manner, prior to initiating suit here counsel for the plaintiff engaged in a series of unsuccessful communications with the defendants designed to obviate the need for litigation.[4]

In Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 282 (3d Cir.2000), the Court cited the Federal Circuit holding in Beckman Instruments, Inc. v. LKB Produkter, AB, 892 F.2d 154, 1551 (Fed.Cir.1989) explaining:

> Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., *misconduct during litigation*, and frivolous suit.(emphasis added).

---

[3] We note that the plaintiff does not contend that it is entitled to statutory damages because the copyright registration did not occur until May 10, 2010. Rather, the plaintiff suggests that the provisions of the statutory damage award should be used as guidance here in assessing damages.

[4] See: Page 4 of the instant motion in which counsel for the plaintiff represents that "Plaintiff, by and through its attorneys, has contacted Jon M. Eck, the CEO of Total Fusion Media no fewer than six times since May 2010, and has received correspondence from Mr. Eck acknowledging the allegations against his company two times, on June 14th and September 26th, 2010. In the correspondence of June 14th (Exhibit D), Mr. Eck acknowledged receiving correspondence from Plaintiff's attorneys dated June 7th which contained the filed, but as of that time unserved, complaint in the matter…

In the present case, by their own admission, the defendants conceded that they had infringed the plaintiff's trademark/copyright, and voluntarily agreed to cease any further infringement. Nevertheless, despite these representations no attempts were made by the defendants to enter into meaningful negotiations or seek a resolution of the plaintiff's claims forcing the plaintiff to seek relief here. Such misconduct justifies a finding that exceptional circumstances exist and warrants the imposition of the costs and fees incurred by the plaintiff in pursuing this matter in court. Taverna Opa Trademark, Corp. v. Ismail, 2010 WL 1838384 at*4 (S.D.Fla. May 6, 2010).

Counsel for the plaintiff has presented a detailed statement of the time devoted to preparing to file the complaint, filing the complaint and related actions culminating in the preparation of its Memorandum in support of fees totaling $25,123.75 incurred during the period from April 21, 2010 through December 7, 2010. We have examined the submission and conclude that the fee request is reasonable in view of the rates charged and the prevailing rate in the community as well as the number of hours devoted to this litigation, and will award the total amount of fee claimed.[5] U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza and Pasta Inc., 2009 WL 4351962 at *8 (S.D.N.Y. Dec.1, 2009)

Finally, the plaintiff has requested injunctive relief. Since this relief is contemplated by both the trademark and copyright infringement provisions, it appears appropriate here, and indeed it would appear that the defendants in their June 14, 2010 letter have voluntarily agreed to cease and desist from any further infringing activities. Nevertheless, the parties have not been able to enter into any meaningful resolution of this matter and the plaintiff is entitled to equitable relief here.

An appropriate Order consistent with this Memorandum will be entered.

---

[5] See: Document No. 12.

ORDER

AND NOW, this 13th day of December, 2010, for the reasons set forth in the foregoing Memorandum,

IT IS CONCLUDED and ORDERED that:

1. The Plaintiff's Motion for Entry of Judgment by Default (Docket No.9) is GRANTED.
2. The defendants by their own admission and as set forth above have infringed United States Copyright Registration No. VA 1-713-744 and United States Trademark No. 2,709,773, owned by the Plaintiff.
3. The plaintiff is entitled to damages sustained as a result of that infringement.
4. Because the defendants have refused to participate in negotiations with the plaintiff or appear in court to remedy these infringements, the Court is left to make its independent determination of what damages, if any, should be awarded.
5. After thoroughly considering this matter we conclude that the plaintiff is entitled to recover an award of damages in the amount of $750.00 and costs in the amount of $1,160.00
6. Because of the extraordinary circumstances found to exist here, the plaintiff is also entitled to recover reasonable attorneys' fees incurred in the amount of $25,123.75.
7. The plaintiff is also entitled to injunctive relief as follows:
    > Pursuant to 15 U.S.C. §1116(a) and 17 U.S.C. § 502(a), defendants, Digital Sign Guys. Com, LLC and Digital Sign Guys Interactive LLC d/b/a/ Total fusion Media and their respective officers, agents, servants, employees, and those persons in active concert with them, are permanently enjoined from using, authorizing or employing the rights secured by plaintiff's trademark registration 2,709,773 and copyright VA 1-713-744 without prior authorization from the plaintiff.
8. Judgment will be entered accordingly, and the case marked closed.

s/ Robert C. Mitchell
United States Magistrate Judge